UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JANET L. MARIAMOFF,**

    **Plaintiff,**

**v.**                                                 **CASE NO. 8:04-CV-686-T-EAJ**

**JO ANNE B. BARNHART,**
**Commissioner of Social**
**Security Administration,**

    **Defendant.**
_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Social Security Income ("SSI").

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case.[1]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405 (g). Substantial

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 11).

evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed her current application for SSI on January 8, 2002, with an alleged onset of disability on January 16, 2001. (T 48,195) Plaintiff claims disability due to diabetes, and problems stemming from a heart attack and open heart surgery. (T 59) 7Plaintiff was thirty-nine years old at the time of the hearing and has an eleventh grade education. (T 11) Plaintiff did not work for the fifteen years prior to her application for benefits and has no past relevant work experience. (T 12)

The Social Security Administration ("SSA") denied Plaintiff's application on March 20, 2002, (T 36) and denied Plaintiff's request for reconsideration on August 6, 2002. (T 41)  A hearing was held before the ALJ on August 28, 2003. (T 193) On September 9, 2003, the ALJ issued his decision that Plaintiff was not disabled within the meaning of the Act. (T 16)

In his decision denying benefits, the ALJ found that Plaintiff has not engaged in substantial gainful activity in fifteen years. (T 16) The ALJ also found that Plaintiff has the following severe impairments: insulin dependent diabetes mellitus, well controlled; status post triple vessel coronary artery bypass graft to relieve high-grade stenosis of the left anterior descending past the diagonal branch; high-grade stenosis of the native obtuse marginal branch of the circumflex artery; and totally occluded right coronary artery, well compensated. (T 16)  The ALJ determined that Plaintiff's severe impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4. (Id.)

The ALJ found that Plaintiff has the residual functional capacity to perform a wide range of light work, including pushing, pulling, lifting and/or carrying up to twenty pounds occasionally and up to ten pounds frequently. (T 15-16)  The ALJ concluded Plaintiff can alternately sit, stand, or walk during an eight-hour workday, can engage in occasional balancing, stooping, kneeling, crouching, and/or crawling, and can perform reaching, handling,

fingering, and feeling with avoidance of climbing and exposure to extreme temperatures. (Id.)  The ALJ determined that there were over 1600 jobs in the regional and national economies that Plaintiff could perform, consistent with her age, education, work history, and residual functional capacity. (Id.)  Accordingly, the ALJ determined that Plaintiff was not entitled to disability benefits.

Plaintiff alleges the Commissioner erred by (1) failing to consider the effects of Plaintiff's impairments, singly and in combination, on Plaintiff's ability to work, (2) failing to fully develop the record by not requiring the testimony of a vocational expert, and (3) determining that Plaintiff's subjective complaints of pain were not credible. (Dkt. 13 at 14-20)

The ALJ's decision summarizes the medical evidence and will not be repeated here except as necessary to address the issues presented.

## II.

**A.**  Plaintiff contends that the Commissioner did not consider the combined effect of all of her impairments and subjective symptoms, as required by Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985), and other cases.

The ALJ considered the combined effect of Plaintiff's impairments, as evidenced by his written decision. The ALJ found that "the claimant does not have an impairment or combination of

4

impairments which meets or medically equals the criteria of any impairment listed in Appendix 1." (T 13)[2] The Eleventh Circuit has held similar language sufficient to discharge the Commissioner's obligation to consider impairments in combination. See Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986). Accordingly, Plaintiff's argument is without merit.

However, under this section of her argument, Plaintiff also contends that the ALJ erred in not addressing whether Plaintiff's alleged impairments of obesity and left arm paresthesia were severe impairments as defined by the Act. As Plaintiff points out, various physicians have noted Plaintiff's obesity in their treatment notes. (T 164-65, 167-70, 172, 185) So have the non-examining physicians. (T 118, 126) The ALJ's decision makes no reference to this condition. Additionally, Dr. M. Nagi Kadri, M.D. ("Dr. Kadri"), in an office note dated September 16, 2002 diagnosed Plaintiff with paresthesia of the left fingers and attributed her symptoms to the result of the bypass graft. (T 166) Plaintiff testified that she avoids using her left hand because of tingling and numbness. (T 202) She used to crochet and paint but can no longer do those activities and she has to have her son write for her. (T 206)

---

[2] Additionally, the ALJ stated: "It is . . . necessary to establish whether the claimant has a 'severe' impairment or combination of impairments. . . . this requires an assessment of the functionally limiting effects of the impairment or combination of impairments on the claimant's ability to do basic work-related activities." (T 12)

The Commissioner responds that the ALJ considered both conditions and included appropriate limitations in the RFC determination. This court disagrees. The ALJ's decision makes no reference to her obesity. The ALJ rejected Plaintiff's alleged inability to lift with her left hand because Plaintiff testified that she helped a friend clean houses and offices. (T 14) As discussed subsequently, this finding is defective because Plaintiff ceased those activities after her heart attack.[3]

Because it is incumbent upon the Commissioner to specify all impairments which are severe as defined by the Act, a remand is required for additional findings at step two of the sequential review process as to whether Plaintiff's obesity and left arm paresthesia are severe impairments.

**B.** Second, Plaintiff argues that the ALJ failed to fully develop the record when he determined that there were jobs Plaintiff is capable of performing in the national economy. (Dkt. 13) Specifically, Plaintiff argues that such a determination requires the ALJ to introduce independent evidence, preferably through a vocational expert's testimony. (Id.) According to Plaintiff, the ALJ erred in exclusively relying on the Medical Vocational Guidelines ("Grids") in making his determination. (Id.)[4]

---

[3] Plaintiff was hospitalized for chest pain on January 15, 2001 and underwent triple bypass surgery the next day. (T 112)

[4] Although Plaintiff frames her second argument in terms of the ALJ's failure to develop the record fully, the body of her argument

6

The general rule is that after determining a claimant's residual functional capacity, the ALJ may use the Grids to determine whether jobs the claimant is capable of performing exist in the national economy. Phillips, 357 F.3d at 1242. However, the ALJ's exclusive reliance on the Grids is inappropriate when either (1) the ALJ has stated that the claimant is unable to perform a full range of work at a given level due to exertional limitations, or (2) the "claimant has non-exertional impairments that significantly limit basic work skills."[5] Id. If either of these two conditions exists, the ALJ is required to consult a vocational expert. Id.

The first condition that requires an ALJ to consult a vocational expert is when the claimant's exertional limitations prevent her from performing a full range of employment. Id. The Eleventh Circuit interprets a "full range of employment" as being able to do unlimited types of work at the given exertional level.

---

pertains to the ALJ's failure to elicit testimony of a vocational expert. (Dkt. 13 at 18) An ALJ's duty to develop the record is distinct from the test regarding when a vocational expert's testimony is necessary. Compare Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981), and Phillips v. Barnhart, 357 F.3d 1232, 1242 (11th Cir. 2004). Consistent with Plaintiff's argument, the court addresses the ALJ's reliance on the Grids and not his development of the record.

[5] Exertional limitations affect a claimant's ability to sit, stand, walk, lift, carry, push, and pull. Phillips, 357 F.3d at 1242. Non-exertional limitations affect a claimant's ability to meet the other demands of a job and include mental limitations, pain limitations, and all physical limitations that are not considered exertional limitations. Id.

Id.

Under the second condition, the ALJ must consult a vocational expert if the claimant's nonexertional limitations significantly limit her basic work skills. Id. at 1243. The Eleventh Circuit has interpreted "significantly limit basic work skills" as limitations that prevent a claimant from performing a "'wide range of employment at the given work capacity level.'" Id. at 1243, quoting Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

In this case, the ALJ stated: "If the claimant had the functional capacity for a full range of light work, Section 416.969 of Regulations No. 16 and Rule 202.17, Table No. 2 of Appendix 2, Subpart P, Regulations No. 4, would direct a conclusion that . . . she is not disabled." (T 16) The ALJ then addressed Plaintiff's nonexertional limitations: "[T]he claimant's occupational base for the full range of light work has not been significantly eroded by her nonexertional limitations." (T 15) Therefore, the ALJ determined that the second condition that triggers the requirement to consult a vocational expert was not met.

However, included in the ALJ's numbered findings at the end of the decision is the ALJ's conclusion that Plaintiff could not perform a full range of light work: "Although the *claimant's functional limitations do not allow her to perform the full range of light work*, using Rule 202.17 as a framework for this decision, there are a significant number of jobs in the national economy,

8

which she could perform." (T 16, Finding 9) (emphasis added)

In Phillips, 357 F.3d at 1243, without specifically determining whether Phillips's exertional limitations prohibited her from a full range or unlimited types of work at Phillips's sedentary exertional level, the ALJ relied solely on the Grids. The court remanded the case to the ALJ to determine first whether Phillips could perform a full range of work at the sedentary level before relying on the Grids. Id.

Here, although the ALJ discredited much of Plaintiff's testimony concerning her limitations and concluded that Plaintiff's nonexertional limitations were not significantly limiting, the ALJ concluded that Plaintiff could not perform a full range of light work. (T 16)  Nonetheless, the ALJ did not obtain testimony of a vocational expert in concluding that jobs are available in the national economy Plaintiff could perform.  Under Phillips, because the ALJ determined that Plaintiff could not perform a full range of light work, he should have obtained testimony from a vocational expert.

Accordingly, a remand is required.  On remand, in light of the ALJ's determination that Plaintiff cannot perform a full range of light work, the ALJ shall obtain testimony from a vocational expert in determining whether there are jobs available in the national economy that Plaintiff can perform consistent with her limitations.
**C.** Finally, Plaintiff argues the ALJ erred in determining that

Plaintiff's alleged pain and other subjective complaints were not credible. Specifically, Plaintiff argues that the ALJ erred in discrediting her testimony regarding her inability to lift objects with her left arm.

The Eleventh Circuit applies a three part "pain standard" when evaluating subjective complaints of pain. Foote, 67 F.3d at 1560. The claimant must produce (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the pain resulting from the medical condition or (3) evidence that the condition is so severe that it can be reasonably expected to cause the alleged pain. Id. This standard is consistent with Social Security regulations which provide that a claimant may establish a disability through subjective testimony of pain if "medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (citing 20 C.F.R. §§ 404.1529, 416.929).

If the ALJ decides not to credit a claimant's testimony as to pain, the ALJ must articulate explicit and adequate reasons for doing so. Foote, 67 F.3d at 1561. A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court. Id. A lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. Id. (citation

omitted).

At the administrative hearing, Plaintiff testified that she helped her friend clean houses on and off until her heart attack. (T 197) However, Plaintiff testified that she has not worked since her heart attack. (Id.) Further, Plaintiff testified that, since her bypass surgery, "[m]y left arm goes numb, my fingertips go numb. I get pains in my hips and down my legs. . . I can't sit very long." (T 200) Plaintiff also testified that she has pain in her back and numbness in her feet, which she said are also peeling. (T 200, 203) She testified she can stand for ten or fifteen minutes at a time and is capable of walking from her house to her car. (T 201) Plaintiff stated that she is afraid to drive or go shopping by herself. (Id.) She reported dropping things with her left hand and coldness in both hands. (T 201-02) Plaintiff stated that she also has feelings of depression. (T 200) Plaintiff testified that she uses an inhaler daily due to allergies to dust, chemicals, and perfumes. (T 204) She complained of blurred vision. (T 203)

In the decision denying benefits, the ALJ considered Plaintiff's subjective complaints, Plaintiff's history of medical treatment, and Plaintiff's statements concerning her daily activities. (T 14-15) In discrediting Plaintiff's subjective complaints, the ALJ stated:

> In assessing the claimant's limitations, the undersigned has carefully considered the effects of the claimant's

11

Case 8:04-cv-00686-EAJ   Document 15   Filed 06/13/05   Page 12 of 14 PageID 90

> alleged pain in accordance with the criteria set forth in the regulations. The claimant has medically determinable impairments that are reasonably expected to produce the type of pain she alleges, but her complaints suggest a greater severity of impairment than can be shown by the objective medical evidence alone. In such instances, the regulations provide that the following factors must be considered: 1) the claimant's activities of daily living, 2) the location, duration, frequency, and intensity of pain or other symptoms, 3) precipitating and aggravating factors, 4) the type, dosage, effectiveness, and side effects of medications taken to alleviate pain and other symptoms, 5) treatment, other than medications, for the relief of pain or other symptoms, 6) any measures other than medications used to relieve pain or other symptoms, and 7) any other factors concerning functional limitations and restrictions due to pain or other symptoms.

(T 14)

Applying these guidelines, the ALJ determined that the record did not support Plaintiff's subjective complaints of pain and that Plaintiff's testimony of her daily activities contradicted the symptoms she alleged. (Id.)  For example, the ALJ noted that although Plaintiff  stated that "she is unable to lift anything with her upper left extremity, she reported helping a friend clean houses and offices." (Id.)

The ALJ's evaluation of Plaintiff's subjective symptoms is flawed in part due to the erroneous assumption that Plaintiff continued to help a friend clean houses and offices during her alleged disability.  However, this was not the only evidence cited by the ALJ.  The ALJ also noted that Plaintiff did not complain to her doctor of dropping things, of her inability to lift any amount of weight with her left arm, or of her alleged symptoms of back

12

pain and hip pain. (T 14-15) Addressing her other pain symptoms, the ALJ determined that Plaintiff did not complain of chest pain and shortness of breath to her doctors and has not required any ongoing treatment or prescription medication for chest pain. (T 14) The ALJ noted that Plaintiff stated she was afraid of driving but that she does drive short distances (five minutes) on her own and she is independent in all daily activities. (T 14-15) Further, the ALJ noted Plaintiff's failure to follow her physicians' recommendations because she continued to use tobacco despite using an inhaler daily. (T 15) Plaintiff has not challenged these reasons as unsupported by the record and they provide substantial evidence for the ALJ's credibility finding based upon the present record.

The ALJ enumerated numerous reasons for rejecting Plaintiff's subjective complaints of pain. See Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989) (ALJ properly discredited a plaintiff's subjective complaints of pain when he specifically articulated three reasons for rejecting such testimony). This court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Foote, 67 F.3d at 1560.

Therefore, Plaintiff's argument that the ALJ erred in his

13

credibility finding regarding her subjective claims of pain is without merit based upon the present record.

## CONCLUSION

While concluding that remand is necessary due to errors of law at the administrative level, this court expresses no views as to what the outcome of the proceedings should be. Each party shall be afforded an opportunity to introduce additional evidence on the issues remaining for determination upon remand.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) the decision of the Commissioner denying benefits is **REVERSED** and this case is **REMANDED** for further administrative proceedings consistent with the foregoing discussion; and

(2) the Clerk of Court enter final judgment pursuant to 42 U.S.C. § 405 (g) and direct this case be closed as this is a "sentence four remand."  See Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993).

**DONE AND ORDERED** in Tampa, Florida on this 13th day of June, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge