UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION

**JANET L. MARIAMOFF**,

    Plaintiff,

vs.                                             Case No. 8:04-CV-686-T-EAJ

**JO ANNE B. BARNHART,**
**Commissioner of**
**Social Security**,

    **Defendant**.
_____/

## ORDER

Before the court is Plaintiff's **Application for Attorney's Fees Under the Equal Access to Justice Act** (Dkt. 17), filed July 8, 2005.

Plaintiff requests an award of attorney's fees in the amount of $3,768.06 pursuant to the Equal Access to Justice Act (hereinafter "EAJA" or "the Act"), 28 U.S.C. § 2412(d) (1992). Defendant does not oppose Plaintiff's request (Dkt. 17 at 1).

The amount requested by Plaintiff represents 23 hours at a rate of $151.62 per hour for work completed in 2004 and 1.80 hours at a rate of $156.00 for work completed in 2005 by attorney Dianne Elizabeth Olson, for a total of 24.80 hours.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A).

This court's order of June 13, 2005 (Dkt. 15) granting Plaintiff's motion to remand this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993).  In this case, the government's position was not substantially justified.

The EAJA requires that a party seeking an award of fees submit to the court an application for such fees "within thirty days of final judgment in the action."  § 2412(d)(1)(B).

The EAJA defines "final judgment" as a judgment that is "final and not appealable."  § 2412(d)(2)(G).  Thus, in sentence four cases, the filing period begins after the final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable.  Schaefer, 509 U.S. at 298; See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the sixty-day appeal period has run).

Judgment for Plaintiff was entered on June 14, 2005 (Dkt. 16), Plaintiff's motion for attorney's fees (Dkt. 17) was filed on July 8, 2005. Thus, Plaintiff's motion falls within the time-frame for filing an EAJA application.  Accordingly, this court has jurisdiction to award the requested fees. Moreover, because the

government does not object to the amount Plaintiff requests and has not filed a memorandum of law in opposition to the relief requested, this court will grant Plaintiff's request for attorney's fees.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

1) Plaintiff's **Application for Attorney's Fees Under the Equal Access to Justice Act** (Dkt. 17) is **GRANTED;** and

2) Plaintiff's counsel, Dianne Elizabeth Olson shall be awarded $3,768.06 in attorney's fees as itemized above.

**DONE** and **ORDERED** in Tampa, Florida this 27th day of July 2005.

_____
ELIZABETH A JENKINS
United States Magistrate Judge